(Judge Clark, of the Fourth Circuit, taking the place of Judge Smith.)

† ANNIE C. H. McCLUNG v. NORTH BEND COAL & COKE CO.

1. SUSPENSION, BY CIRCUIT COURT, IF INJUNCTION GRANTED BY LOWER COURT.

Where, on an appeal from the common pleas to the circuit court, in a cause for an injunction, made perpetual by the final judgment of the court of common pleas, this court, or two judges thereof, may, under section 5235, of the Revised Statutes, on motion and reasonable notice to the adverse party, suspend such injunction upon good cause shown, until the cause can be heard on the merits.

2. SUFFICIENT SHOWING TO AUTHORIZE SUCH SUSPENSION.

If it is shown, as has been done in this case, that important and difficult questions are involved in the cause, such showing is sufficient to authorize the suspension.

3. POWER OF SUSPENSION IS DISCRETIONARY WITH COURT.

The statute, in terms, contains no other requirement in making the order, than "reasonable notice to the adverse party;" but, the practice under other sections of the Revised Statutes, in staying execution on judgments and final orders, seems to be uniform in holding, that the power is discretionary, and will· only be exercised upon good cause shown. 6 Ohio St., 176, 181; 34 Ohio St., 291, 292; 1 Ohio Circ. Dec., 618; 2 Ohio Circ. Dec., 216.

Appeal from the Court of Common Pleas of Hamilton county.

The petition in this case is for injunction and damages, to restrain continuance of nuisance. On the trial below, judgment was given for plaintiff, and an appeal taken. Application is now made to stay injunction, and allow defendant to operate plant until trial of case in this court.

CLARK, J.

On the trial of this case in the court below, upon the issues joined between the parties, there was a finding for the plaintiff, that the operation of the coke ovens depreciated the value of plaintiff's property, greatly interfered with the use and comfortable enjoyment of the same, and to have been and to be highly injurious to ordinary health, and to have caused serious injury to the plaintiff, her family, servants and those residing on her property.

A decree was made perpetually enjoining the defendant from carrying on the manufacture of coke upon its premises, and from using and operating its plant of coke ovens thereon, including the three blocks of coke ovens already constructed, or any part thereof, or any addition thereto, in the manner such manufacture and operation have been heretofore carried on by it; or in such manner as to produce, and emit or throw off, in such manufacture and operation, any smoke, soot, gases, vapors, and other products of combustion, or either of them, and thereby to do injury to the property of plaintiff described in the petition, or interfere with the use or comfort, or be detrimental to the health of plaintiff, her family, servants, or those residing thereon. From the decree there was an appeal taken to this court, and bond given.

Section 5235, Rev. Stat., provides: "When an appeal is taken, and bond given, the judgment is thereby suspended unless some part of the final judgment appealed from be an injunction, in which case such injunction shall not be suspended, except by order of the circuit court, or two judges thereof, on reasonable notice to the adverse party."

The statute is silent as to any other requirement than the notice to the adverse party. The policy of the statute is to allow an appeal in all equity cases. Generally the appeal suspends the judgment or decree below, and the case stands for trial as if brought *de novo* in the appellate court. And it would seem, in a case like this one, where the whole object of the suit is to obtain an injunction, that to deny the defendant a suspension of the injunction until the case can be heard

† For decision of the common pleas see 1 Ohio Dec., 247; for another circuit decision see 6 Ohio Circ. Dec., 243.

on its merits, would be tantamount, or nearly so, to denying him an appeal, and therefore, repugnant to, or inconsistent with, the purpose and object of the statute in allowing an appeal and rehearing.

This case is an important one—important to the parties on either side. In such a case, it is not usual or the practice to pass upon the merits of the case. Some cause for the suspension, undoubtedly, must be shown, notwithstanding the silence of the statute in this regard. If important or difficult questions are involved in a case, it was evidently not intended by the enactment of the statute that they should be conclusively determined in a mere preliminary hearing. Such questions are involved in this case; questions that should be determined only upon a full hearing upon the merits. The expert testimony presents a question as to the deleterious effects of the gases evolved from the combustion of the coal; a question whether the ailments of the plaintiff—irritation of the mucus membrane of the nose and throat and bronchitis—were caused or produced by the gases, or were chronic and existing before she erected and moved into her residence. The question as to the effect of the fact that fifty of the ovens were there before she erected her dwelling; also the question as to whether she encouraged the erection of the sixty ovens, or stood by and remained silent during their erection, and the expenditure of large amounts of money by defendant, under such circumstances as will in equity preclude her from obtaining relief—these, and other questions that need not be adverted to, can only be properly heard and considered upon a trial upon the merits.

The judgment will be stayed until the case can be heard on the merits upon the defendant giving bond in the sum of $1,500.00, conditioned according to law.

This case ought to be tried at as early a day as possible.

John S. Conner, for plaintiff.

J. Hartwell Cabell, for the Elevator Company.

---

## CAUSING WRONGFUL DEATH—EXCEPTIONS. 185